UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASE NO:

**BEVERLY ANDERSON**,
individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**

      Plaintiff,                                            **JURY TRIAL DEMANDED**

v.

**CATALINA STRUCTURED FUNDING, INC.**,

      Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Beverly Anderson brings this class action against Defendant Catalina Structured Funding, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2.      Defendant advertises, markets, and offers lump sum payments on structured settlements and annuities.

3.      Defendant also makes marketing calls in violation of the National Do Not Call Registry and ignores consumers' requests to stop calling.

4.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the

daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

7. Furthermore, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited marketing calls to Plaintiff's cellular telephone number (the "4021 Number"). The 4021 Number has an area code (616) which specifically corresponds with locations in Michigan and Plaintiff received the calls while residing in and physically present in Michigan.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of the State of Michigan and the County of Ottawa.

9. Defendant is a corporation whose principal office is located in California. Defendant directs, markets, and provides its business activities throughout the state of Michigan.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

11. On or about February 6, 2021 at approximately 9:33 a.m., Defendant called Plaintiff's cellular telephone number ending in 4021 ("4021 Number") from the telephone number 443-842-4319 to market and advertise its annuities and structured settlements services.

12. Plaintiff answered the phone call and asked that Defendant stop calling her.

2

13.     On the same day, at approximately 10:56 a.m., Defendant called Plaintiff again to advertise its services from telephone number 240-624-1686.

14.     Plaintiff again answered the phone and asked Defendant to stop calling her.

15.     On February 8, 2021, Defendant called Plaintiff a third time to market its goods services from the telephone number 509-215-4483.

16.     Plaintiff again answered the phone and asked Defendant to stop calling her.

17.     At the time Plaintiff received these calls Plaintiff was the sole user of the 4021 Number.

18.     Defendant's calls constitute telemarketing/advertising because their purpose was to promote Defendant's services.

19.     At no point in time did Plaintiff provide Defendant with her consent to be contacted by Defendant on the 4021 Number.

20.     Plaintiff asked Defendant to stop calling her after each phone call she received from Defendant.

21.     The 4021 Number has been on the National Do Not Call Registry since November of 2007.

22.     At all times relevant to this action, the 4021 Number has been a residential phone number and utilized by Plaintiff as her residential number.

23.     Upon information and belief, Defendant caused similar calls to be made to individuals residing within this judicial district.

24.     Upon information and belief, Defendant lacks a written policy for creating and maintaining a do not call list.

25.     Upon information and belief, Defendant lacks training in the existence and use of a do not call list for its employees and/or agents.

26.     Defendant's unsolicited calls caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.  Defendant's call also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

27.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

28.     Plaintiff brings this case on behalf of the Classes defined as follows:

**INTERNAL DO NOT CALL CLASS**: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) received a phone call from Defendant or anyone on Defendant's behalf, (2) regarding Defendant's goods, products and/or services, (3) to said person's residential telephone number, (4) after making a request to Defendant to not receive future phone calls.

**DO NOT CALL CLASS**: All persons in the United States who from four years prior to the filing of this action: (1) received a phone call from Defendant or anyone on Defendant's behalf; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of advertising and/or promoting Defendant's products and services.

29.     Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

30.     Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

31.     Upon information and belief, Defendant has placed calls to cellular telephone numbers belonging to thousands of consumers throughout the United States. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

32.     The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

COMMON QUESTIONS OF LAW AND FACT

33.     There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the members of the Class are:

> a)  Whether Defendant initiated advertising, promotional, and/or telemarketing calls to telephone numbers listed on the National Do Not Call Registry;
>
> b)  Whether Defendant can meet its burden of showing that it obtained consent to make such calls;
>
> c)  Whether Defendant initiated telemarketing calls to telephone numbers who requested to not receive such calls;
>
> d)  Whether Defendant's conduct was knowing and willful;
>
> e)  Whether Defendant is liable for damages, and the amount of such damages; and
>
> f)  Whether Defendant should be enjoined from such conduct in the future.

34.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely makes calls to telephone numbers in violation of the National Do Not Call Registry and ignores requests to stop calling, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

TYPICALITY

35.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

PROTECTING THE INTERESTS OF THE CLASS MEMBERS

36.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

37.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is

economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

38.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

39.     Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

40.     In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> **(1) *Written policy.*** Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> **(2) *Training of personnel engaged in telemarketing.*** Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

41.     Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

42.     Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

43.     Defendant failed to honor Plaintiff and the Internal Do Not Call Class members opt-out requests.

44.     Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

45.     Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

46.     Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

47.     As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

48.     Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

**COUNT II**
**VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

49.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1-38 as if fully set forth herein.

50.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

51.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

52.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

53.     Any "person who has received more than one telephone call within any 12- month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

54.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

55.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

56.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b)  An award of actual and statutory damages for Plaintiff and each member of the Class;

c)  As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d)  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

f)  An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first, cease initiating calls to telephone numbers listed on the National Do Not Call Registry and to cease all activity to individuals who have requested to be removed from Defendant's consent list and to otherwise protect the interests of the Class;

g)  Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists,

electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Respectfully submitted,

Dated: February 28, 2021

By: */s/ Manuel S. Hiraldo*
**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
(*pro hac vice*)
Florida Bar No. 030380
401 E. Las Olas Boulevard Suite 1400
Ft. Lauderdale, Florida 33301
E: mhiraldo@hiraldolaw.com
T: 954.400.4713

Ignacio Hiraldo, Esq.
IJhiraldo@Hiraldolaw.com
**IJH Law**
1200 Brickell Ave.
Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469
*Pro Hac Vice to be filed*

*Attorneys for Plaintiff and the Proposed Class*