UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASE NO: 1:21-cv-00197-PLM-SJB

**BEVERLY ANDERSON,**
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

**CATALINA STRUCTURED FUNDING, INC.,**

      Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**HON. PAUL L. MALONEY**

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Beverly Anderson brings this class action against Defendant Catalina Structured Funding, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2. Defendant is in the business of purchasing structured settlements and annuities for a lump sum of cash.

3. To obtain clients, Defendant uses a variety of means to identify recipients of structured settlements and/or annuities and then place telephone solicitation calls to them.

4. Defendant does not obtain these individuals' consent to place solicitation calls to them, places calls in violation of the National Do Not Call Registry, and ignores requests to stop calling.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

8. Furthermore, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited marketing calls to Plaintiff's cellular telephone number (the "4021 Number"). The 4021 Number has an area code (616) which specifically corresponds with locations in Michigan and Plaintiff received the calls while residing in and physically present in Michigan.

**PARTIES**

9. Plaintiff is a natural person who, at all times relevant to this action, was a resident of the State of Michigan and the County of Ottawa.

10. Defendant is a corporation whose principal office is located in California. Defendant directs, markets, and provides its business activities throughout the state of Michigan.

11. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

12. Defendant purchases structured settlements and annuities from individuals.

13. A structured settlement is a legal settlement which provides in whole or in part for periodic payments. Pursuant to the structured settlement, the annuitant must receive their money in payments over time.

14. As a purchaser of structured settlements, Defendant offers consumers the option to obtain their money in a lump-sum—at a discount—rather than over a period of time.

15. Defendant generates revenue by purchasing the structured settlements at a discounted rate and by charging consumers various transactional fees including legal fees, court fees, broker commission, insurance company payments, administrative fees and/or processing fees. Defendant's profit and transactional fees are reflected as an "effective discount rate". Typical effective discount rates may range anywhere from 10% to 30%.

16. A structured settlement company, such as Defendant, charges annuitants fees to perform a number of services to effectuate the transaction, including fees for: (i) processing the payee's application; (ii) computing the present value of the structured settlement; (iii) complying with underwriting requirements; (iv) preparing and processing the contract; (v) complying with applicable disclosure laws and other laws pertaining to court approval; and (vi) filing all necessary legal documents to obtain court approval of the transaction.

17. Defendant has enjoyed great success, advertising on its website that it has funded over $75,000,000 in acquisitions of structured settlements. Each of these transactions involve the various

fees described above which are assessed by Defendant to consumers for the various services provided by Defendant.

18. Driven by this financial incentive, Defendant engages in aggressive telemarketing tactics. Defendant tracks down recipients of structured settlement from court and public records, and then incessantly calls and sends mail to their homes. The following are just a few of the consumer complaints found on the Internet regarding Defendant's aggressive marketing strategies:

- This place constantly sends me mail. I have received calls, and one time even a text??? I was so furious I replied and demanded they stop contacting me and I blocked the number. Extremely unprofessional, I never once contacted them with any interest whatsoever so they obtained my home address and phone number and use it as they please. I'm sure they call my home phone as well but we don't even use that anymore because the only people calling that number are the persistent annoying scamming companies. I ask again... stop sending me mail, stop calling, and never have an employee text me again because its weird, unprofessional and very annoying. They don't even put their company name on the mail, just an address lol. Stop wasting your time because one glance at 2626 Foothill blvd I immediately trash it.

- As if telling them to remove me from their files wasn't enough, I now have people coming TO MY HOUSE. These people do nothing more than try to harass people into business. Like you really think being this invasive is going to gain business with people?? "Only trying to help" really? You think that's helping. If I wanted to reach out to you, I would. THIS IS THE WORST COMPANY.

- These people will not stop calling me every week! When I told this woman they call me every other day or so, she rudely replies with "last time we called was last week. I'm checking our call log" as if having that type of attitude is going to make me want to do business with you...After I've explained to them over and over (nicely) that I'm not interested, they still call. Lisa just called me again and after telling her that I want my number removed because IM NOT INTERESTED, she tells me "your number is on public records" so what?? If I'm telling you to stop calling and harassing me, get the fucking point and have an oz of consideration and leave me the hell alone already. Jesus Christ, you guys are too desperate and need to stop harassing people for their business.

- These guys won't stop harassing me. I get calls from them weekly from multiple numbers and misleading letters in the mail. These guys are a bunch of scum bags.

- This place has been contacting my family for over two years, terrorizing us, sending us deceitful direct mail, and calling us from dozens of different phone numbers. We have asked each and every time for them to stop contacting us; no matter what we say or do they continue to bully us. It has been exhausting and frustrating--every

4

single time we get a call from a number we don't recognize we feel fearful. If you are a prospective customer: avoid this place at ALL COSTS. If you work at this company and are reading this: please, please, PLEASE, I BEG YOU, do the right thing and stop soliciting innocent people who are trying to go about their lives with as little trouble as possible.[1]

- harrassment via mail and phone I have repeatedly requested removal from unsolicited their call list and mail. I receive several forms of misleading mail each week that cannot be returned. They harass me via home and cell phone too. I've moved three times and even got a P.O box to stop the harassment and it still continues. Each time I speak with someone they tell me they will remove me from their lists, yet the harassment continues. They press me to divulge personal information that is none of their business and when family members answer they have shared personal information to them. Make them stop, please! They have not only harassed me, but family members too, as well as violated my privacy

- For over a year I have been getting calls from this company sometimes multiple times a day I ask over and over to be removed Company and it's agents refuses to honor my request to be removed from all of their calling list . When I ask to be removed they get upset hang up and next day again different agent calls They refuse to honor my request I am not interested in their service but they still call me all day everyday

- I have told business to STOP contacting me. They sent me fake gift cards around my birthday trying to get me to call them, keep texting and mailing me This company refuses to stop contacting me even though I have told them and my mom has told them several times and at length. For my birthday last year, they sent me gift cards which I thought was a gift from a friend trying to surprise me only for me to call them. They want me to sell my annuity which I will not do. Ever. I've told them and they still keep texting me and writing to me. I received a yesterday, August 22, at 5:29 Pm from someone named ****** asking me if I want access to my annuity which was court ordered. I blocked the number and deleted the conversation but I did take a screen shot. Today my mom received a letter from them trying to get me to sell. I want them to stop these aggressive tactics and stop using different numbers to contact me.[2]

---

[1] www.yelp.com/biz/catalina-structured-funding-la-crescenta-2

[2] www.bbb.org/us/ca/la-crescenta/profile/financial-services/catalina-structured-funding-inc-1216-100103073/complaints

19. Public job listings posted by Defendant demonstrate that Defendant regularly engages in telemarketing to consumers, including the following employment posts for sales and marketing positions:

- **Sales Executive**

    *Sales Executive* - OTE $100KNational leader in the acquisition and remarketing of specialty finance products. ***Our Los Angeles County office is expanding its sales force*** and we are looking for energetic new faces to add to our expanding team. ***Our sales reps*** routinely earn in excess of $100,000 per year plus medical and dental benefits and paid vacation. No industry experience necessary. There will be a three month training period where you will gain all the information you need to succeed. During the training period you will be paid an hourly wage plus bonuses for achieving milestones. Once you have completed the training, the sky is the limit. First years on target earnings - $100,000. There are currently two positions available. THE SKILLS WE REQUIRE:1. DESIRE to earn money 2. MOTIVATION to complete the training and learn what is necessary to succeed 3. ORGANIZATIONAL SKILLS *to enable you to stay on top of a fastpaced sales cycle* 4. LOYALTY to ethical and compliant business practices.TO APPLY FOLLOW THE INSTRUCTIONS BELOW:1. Email your resume to the email on this ad.2. Be available for a prescreening telephonic interview.3. Be available for an in person interview within one week of the prescreening call.4. Be available to start within one month. Job Type: Full-timeSalary: $40,000.00 to $45,000.00 /year[3]

- **Junior Account Manager**

    We're looking for a smart, energetic, and driven addition to our team! This is an entry-level position with the opportunity to build a career for yourself -- we're just looking for the right person to train! Job Description: ***You'll be working closely with our sales and legal staff to help efficiently and effectively move through the process of assigning a secondary market annuity***. You will be trained to take on new clients and maintain the relationships, draft legal documents, ***and manage a high call volume***. Requirements: College graduate, strong communication skills, phone etiquette, knowledge of Microsoft office, strong writing/analytical skills, self-starter, proactive, quick thinker and problem solver, detail oriented, organized, and a team player. This is a full-time position: Monday through Friday (8am-5pm). Dental, vision and health benefits, paid sick and vacation time, some holidays off after a probationary period. It is a casual work

---

[3] www.google.com/search?q="catalina+structured+funding"+sales+associate&source=hp&ei=TeyrY LnlLJKZwbkP7ZylYA&iflsig=AINFCbYAAAAAYKv6XboO3CBYr4B0nqdk6p3MN1xYjeAm&o q="catalina+structured+funding"+sales+associate&gs_lcp=Cgdnd3Mtd2l6EAMyBQghEKABMgUII RCgATIFCCEQqwI6CwguEMcBEK8BEJMCOgYIABAWEB46CAghEBYQHRAeOgcIIRAKEK ABUNwfWMwxYKgyaABwAHgAgAFviAGmCpIBBDE2LjGYAQCgAQKgAQGqAQdnd3Mtd2l 6&sclient=gwswiz&uact=5&ibp=htl;jobs&sa=X&ved=2ahUKEwjDzu229eLwAhUsTDABHU4tAg 8Qkd0GMAB6BAgKEAE#fpstate=tldetail&htivrt=jobs&htiq="catalina+structured+funding"+sales+ associate&htidocid=uGfcVQGRX-IwRmJcAAAAAA%3D%3D; (emphasis supplied0.

environment. We're looking for a team player with a great attitude! If you think that's you, please send in your resume along with a cover letter! Job Type: Full-timeSalary: $17.00 /hourEducation:Bachelor's (Preferred)Benefits offered:Health insuranceDental insuranceRetirement benefits or accountsOther types of insurance[4]

- **Marketing Manager at Catalina Structured Funding, Inc.**

    Who we are: We are a growing specialty finance company in the Los Angeles area looking to grow our team and bring on a talented Marketing Manager. We are a nationwide leader in the purchasing of structured settlements, ***and advertise nationwide via a variety of channels***.

    We are looking for someone experienced with managing direct mail, email, and social media marketing campaigns in a highly competitive industry.

    Job responsibilities will include:

    Developing, implementing and executing strategic marketing plans for the company.

    ***Managing day to day marketing campaigns***.[5]

20.     Consistent with its aggressive telemarketing strategy, on or about February 6, 2021 at or about 9:33 a.m., Defendant called Plaintiff's cellular telephone number ending in 4021 ("4021 Number") from the telephone number 443-842-4319. The purpose of the call was to market and advertise its goods and/or products or services regarding annuities and structured settlements.

21.     Plaintiff answered the phone call and asked that Defendant stop calling her.

---

[4] www.google.com/search?q="catalina+structured+funding"+sales+associate&source=hp&ei=TeyrY LnlLJKZwbkP7ZylYA&iflsig=AINFCbYAAAAAYKv6XboO3CBYr4B0nqdk6p3MN1xYjeAm&o q="catalina+structured+funding"+sales+associate&gs_lcp=Cgdnd3Mtd2l6EAMyBQghEKABMgUII RCgATIFCCEQqwI6CwguEMcBEK8BEJMCOgYIABAWEB46CAghEBYQHRAeOgcIIRAKEK ABUNwfWMwxYKgyaABwAHgAgAFviAGmCpIBBDE2LjGYAQCgAQKgAQGqAQdnd3Mtd2l 6&sclient=gws-wiz&uact=5&ibp=htl;jobs&sa=X&ved=2ahUKEwjDzu229eLwAhUsTDABHU4tAg 8Qkd0GMAB6BAgKEAE#fpstate=tldetail&htivrt=jobs&htiq="catalina+structured+funding"+sales+ associate&htidocid=c1_VbStp0GJjN_NbAAAAAA%3D%3D; (emphasis supplied).

[5]     www.peersight.co/job/catalina-structured-funding-inc-marketing-manager-in-la-crescenta-ca; (emphasis supplied).

22. On the same day, at or about 10:56 am Defendant called Plaintiff again to market and advertise its goods and/or products or services from the telephone number 240-624-1686.

23. Plaintiff again answered the phone and asked Defendant to stop calling her.

24. On February 8, 2021, Defendant called Plaintiff for a third time and again to market and advertise its goods and/or products or services from the telephone number 509-215-4483.

25. Plaintiff again answered the phone and asked Defendant to stop calling her.

26. At the time Plaintiff received these calls and messages Plaintiff was the subscriber and/or sole user of the 4021 Number.

27. Defendant's calls constitute telemarketing/advertising because they promote Defendant's structured settlement products and related services. Specifically, Defendant was attempting to solicit business from Plaintiff for the purpose of promoting and encouraging Plaintiff to invest time and money in Defendant's structured settlement products and related services for which Defendant would have charged Plaintiff various fees in the form of an effective discounted rate, including, but not limited to, fees related to (i) processing the Plaintiff's application; (ii) computing the present value of the structured settlement; (iii) complying with underwriting requirements; (iv) preparing and processing the contract; (v) complying with applicable disclosure laws and other laws pertaining to court approval; and (vi) filing all necessary legal documents to obtain court approval of the transaction.

28. At no point in time did Plaintiff provide Defendant with her consent to be contacted by Defendant on the 4021 Number.

29. Plaintiff asked Defendant to stop calling her after each phone call she received from Defendant.

30. The 4021 Number has been registered on the National Do Not Call Registry since November of 2007.

31. At all times relevant to this action, the 4021 Number has been a residential phone number and not used for business purposes.

32. Upon information and belief, Defendant caused similar calls to be made to individuals residing within this judicial district.

33. Upon information and belief, Defendant lacks a written policy for complying with the National Do Not Call Registry.

34. Upon information and belief, Defendant lacks a written policy for creating and maintaining a do not call list to honor opt out requests.

35. Upon information and belief, Defendant lacks training in the existence and use of a do not call list for its employees and/or agents.

36. Defendant's numerous unsolicited calls caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

37. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

38. Plaintiff brings this case on behalf of the Classes defined as follows:

> **INTERNAL DO NOT CALL CLASS**: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) Defendant or anyone on Defendant's behalf, (2) transmitted a call; (3) where the purpose of the call or text messages was the encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services, (4) to said person's residential telephone number; (5) after the person made a request to Defendant to not receive future communications.

**DO NOT CALL CLASS:** All persons in the United States who from four years prior to the filing of this action: (1) Defendant, or anyone on Defendant's behalf, (2) transmitted a call; (3) more than one time within any 12-month period; (4) to a person who's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (5) where the purpose of the call or text messages was the encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services.

39. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

40. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

41. Upon information and belief, Defendant has placed automated calls and prerecorded messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

42. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

43. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant initiated telemarketing calls to telephone numbers listed on the National Do Not Call Registry;

b) Whether Defendant can meet its burden of showing that it obtained consent to make such calls;

c) Whether Defendant initiated telemarketing calls to telephone numbers who requested to not receive such calls;

d) Whether Defendant's conduct was knowing and willful;

e) Whether Defendant is liable for damages, and the amount of such damages; and

f) Whether Defendant should be enjoined from such conduct in the future.

44. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely makes calls to telephone numbers in violation of the National Do Not Call Registry and ignores requests to stop calling, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

45. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

46. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

47. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class

resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

48. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

49. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

50. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> **(1) *Written policy.*** Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> **(2) *Training of personnel engaged in telemarketing.*** Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

51. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

52. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

53. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members opt-out requests.

54. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

55. Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

56. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

57. Defendant was aware it was not honoring opt out requests or maintaining an internal do not call list. As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

58. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

## COUNT II
## VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

59. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-48 as if fully set forth herein.

60. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

61. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

62. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

63. Any "person who has received more than one telephone call within any 12- month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

64. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a

listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

65. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

66. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Classes;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class

treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first, to cease initiating calls to telephone numbers listed on the National Do Not Call Registry, to cease all activity to individuals who have requested to be removed from Defendant's consent list, and to otherwise protect the interests of the Class;

g) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications. Respectfully submitted,

Dated: May 25, 2021

                                Respectfully Submitted,

By:    **HIRALDO P.A.**

            */s/ Manuel S. Hiraldo*
            Manuel Hiraldo, Esq.
            Florida Bar No. 030380
            401 E. Las Olas Blvd., Suite 1400
            Fort Lauderdale, FL 33301
            mhiraldo@hiraldolaw.com
            Telephone: 954-400-4713
            *Counsel for Plaintiff*