UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY ANDERSON,
individually and on behalf of all
others similarly situated,

    Plaintiff,                                      Hon. Paul L. Maloney

v.                                                          Case No. 1:21-cv-197

CATALINA STRUCTURED
FUNDING, INC.,

    Defendant.
_____/

**ORDER GRANTING MOTION TO STAY DISCOVERY**

Plaintiff Beverly Anderson has filed a first amended class action complaint against Defendant Catalina Structured Funding, Inc., an entity "in the business of purchasing structured settlements and annuities for a lump sum of cash." (ECF No. 12 at PageID.193) Anderson alleges that Catalina violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, in particular, the Do Not Call provision of the TCPA and its implementing regulation, 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200, by initiating and directing unsolicited marketing calls to Anderson and the putative class members to promote its structured settlement "goods and/or products or services." (*Id.* at PageID.199–200.) The TCPA defines a "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 U.S.C. § 227(a)(4). Catalina has filed a motion to dismiss Anderson's first amended class action complaint on the grounds that Catalina does not sell or provide services, does not charge the transferee fees for services in connection with the purchase of the structured settlement, and the costs it incurs as

1

part of the transaction are not for services to the transferee. (ECF No. 14) Instead, it contends that—consistent with Anderson's allegation—its sole business is the *purchase* of structured settlements for a lump sum payment. In moving for dismissal, Catalina relies, principally, upon the provisions of Michigan's Revised Structure Settlement Protection Act (RSSPA), Mich. Comp. Laws 691.1301 *et seq.*, the Do Not Call provisions of the TCPA and the related regulation, a Federal Communications Commission 2005 Order, and a number of Michigan state-court filings concerning applications for and approvals of transfers of structured settlements pursuant to the RSSPA, which it contends are appropriate for judicial notice.[1]

In connection with its motion to dismiss, Catalina has moved for a protective order staying discovery pending a decision on its motion to dismiss or, alternatively, to bifurcate discovery. (ECF No. 17.) Anderson has filed a response opposing the motion. (ECF No. 18.) Having considered the parties' respective positions, the Court **GRANTS** Catalina's motion and will stay discovery pending a decision on the motion to dismiss.

Pursuant to Federal Rule of Civil Procedure 26(c)(1), for "good cause," a court may issue a protective order to protect a party from "undue burden and expense," in the form of a stay of discovery. *See Robinson v. Saad*, No. 4:19-cv-10584, 2020 WL 5761036, at *2 (E.D. Mich. Sept. 28, 2020) ("A motion to stay discovery may be viewed as a request for 'an order to protect a party or person from . . . undue burden or expense . . . .'") (quoting Fed. R. Civ. P. 26(c)(1)); *Lubinski v. Hub Grp. Trucking, Inc.*, No. 2:14-cv-02843, 2015 WL 4603878, at *1 (E.D. Tenn. July 30, 2015) ("Courts may . . . stay discovery for 'good cause' to protect a party from 'undue burden or expense.'"). "A stay of discovery

---

[1] The Sixth Circuit has held that a district court may take judicial notice of public court records in deciding a motion to dismiss without having to convert it into a motion for summary judgment. *See New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

2

for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Ohio Bell Tel. Co. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008) (citing *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229 (6th Cir. 1981)).

The Sixth Circuit has specifically recognized a district court's broad discretion to stay discovery when faced with a motion to dismiss that presents a case-dispositive legal issue. *See Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999))). A stay of pretrial discovery may be particularly appropriate when a motion to dismiss presents only "'legal determinations that could not . . . be[] altered by any further discovery.'" *Id.* at 304 (quoting *Muzquiz v. W.A. Foote Mem'l. Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir.1995)). At bottom, "a motion to stay discovery involves a pragmatic decision whether the possibility of saving the time and expense of discovery justifies a delay in proceedings." *Romar Sales Corp. v. Seddon*, No. 1:12-cv-838, 2013 WL 141133, at *2 (W.D. Mich. Jan. 11, 2013).

Catalina's motion presents such an issue: whether Catalina's alleged calls to Anderson and the Class member constitute a solicitation under the TCPA's Do Not Call provision and its related regulation. The motion presents a straightforward issue of statutory interpretation that no amount of discovery will alter. Accordingly, a stay of discovery not only makes sense, but would further the salutary policy of the Federal Rules of Civil Procedure of ensuring "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Anderson argues that discovery should not be stayed because Catalina's motion will likely fail, a stay would prejudice Anderson and the proposed Class, and Catalina has not demonstrated that responding to discovery would be unduly burdensome. (ECF No. 18 at PageID.860.) These are

3

considerations generally more appropriate for a stay of the entire case, rather than a stay of discovery pending a decision on a motion to dismiss. As Magistrate Judge Scoville explained in *Romar*:

> Simply put, a delay in discovery is far less consequential than a complete stay of proceedings or a stay of execution of a presumptively valid judgment. Plaintiffs' entire presentation proceeds on inaccurate assumptions concerning both the applicable standards and the relevant considerations pertinent to the decision presently before the court. Defendants are not required to show a substantial likelihood of success on their dispositive motion, nor are they required to show irreparable harm. These high standards, while appropriate to other requests for a stay of proceedings, are plainly irrelevant to the case-management issue now before the court. The appropriate standard is "good cause"—no more and no less.

*Id.*

Here, Catalina has shown good cause for the requested stay of discovery. The case is in its infancy and Catalina, having filed its initial motion to dismiss on May 7, 2021, wasted no time in presenting the legal issue to the Court. Delay in these proceedings to this point, if any, is mostly attributable to Anderson's filing of an amended class action complaint in response to Catalina's original motion, which, of course, she was entitled to do. In any event, any prejudice to Anderson resulting from the stay should be minimal, as the matter can be decided soon after the motion is fully briefed.

Accordingly, all discovery is stayed pending a decision on Catalina's motion to dismiss.

**IT IS SO ORDERED**.

Dated: July 1, 2021                                  /s/ Sally J. Berens
                                                    SALLY J. BERENS
                                                    U.S. Magistrate Judge