UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY ANDERSON,

    Plaintiff,

v.

CATALINA STRUCTURED FUNDING, INC.,

    Defendant.
_____/

Case No. 1:21-cv-197

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff Beverly Anderson filed a putative class action complaint against Defendant Catalina Structured Funding, Inc., alleging that Defendant violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Defendant filed a Motion to Dismiss (ECF No. 14), which was referred to the Magistrate Judge. The Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court deny the motion. The matter is presently before the Court on Defendant's objections to the Report and Recommendation. Plaintiff filed a response to the objections. Having considered the parties' submissions, the Court concludes that oral argument is unnecessary to resolve the issues presented. *See* W.D. Mich. LCivR 7.2(d). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

At issue is whether Defendant's calls to Plaintiff were a telephone solicitation within the meaning of the TCPA. More specifically, the question is whether Defendant called Plaintiff to

encourage her to "purchase, rent, or invest in Catalina's property, goods or services" (R&R, ECF No. 26 at PageID.1148). After thoroughly setting forth the factual background, legal context and existing case law, the Magistrate Judge determined that "where Plaintiff has expressed no interest in selling, and Defendant is in the business of offering liquidity to structured settlement holders, Defendant may be offering to make a purchase, but it is also marketing a service;" therefore, the Magistrate Judge concluded that Plaintiff stated a plausible claim under the TCPA (*id.* at PageID.1158).

According to Defendant, the Magistrate Judge made two errors in her analysis. First, Defendant argues that the Magistrate Judge erroneously distinguishes between business calls that are, and calls that are not, prompted by the recipient's indication of interest to sell (Obj., ECF No. 30 at PageID.1183). According to Defendant, the Magistrate Judge "arbitrarily" created a "bright-line rule that a call is a telephone solicitation *unless* the called party first expresses interest in selling her property" (*id.* at PageID.1183–1184 (emphasis in original)). Defendant's argument lacks merit. The Magistrate Judge did not create a bright-line rule but described decisions holding that calls made in response to advertisements were not solicitations (R&R, ECF No. 26 at PageID.1157). The Magistrate Judge determined that the transactions at issue in this case are "not amenable to unambiguous characterization. Catalina may view it as a purchase, but it is certainly offering a service to the payee who would like his or her cash up front" (*id.* at PageID.1156). The Magistrate Judge properly concluded that "[r]ecognizing that a transaction may permit two different interpretations does not expand the scope of the TCPA where one characterization falls squarely within the statute" (*id.* at PageID.1159). In other words, the Magistrate Judge properly analyzed whether Plaintiff stated a claim for relief under the TCPA that is plausible on its face.

While Defendant disagrees with the Magistrate Judge's recommendation, its first objection fails to demonstrate any factual or legal error by the Magistrate Judge.

Second, Defendant argues that the Magistrate Judge erroneously concluded that "the question of whether the payee pays the fees for services separately from an itemized list or as part of a reduced lump sum payment is irrelevant to the question of whether the payee pays fees as part of the transaction" (Obj., ECF No. 30 at PageID.1187, quoting R&R, ECF No. 26 at PageID.1158). According to Defendant, the "tasks" it performs instead "simply amount to Catalina's cost of doing business if Catalina wants to complete its purchase of the structured settlement" (Obj., ECF No. 30 at PageID.1189). Again, Defendant's objection fails to demonstrate any error by the Magistrate Judge but merely a disagreement with her recommendation. The Magistrate Judge acknowledged both interpretations of the transaction and properly concluded that the transaction, as viewed from Plaintiff's perspective, states a plausible claim under the TCPA (R&R, ECF No. 26 at PageID.1159).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. To the extent Defendant requests that this Court also identify which discovery will assist the Court (Obj., ECF No. 30 at PageID.1176, 1194), Defendant's request is misplaced. Discovery will be addressed at a scheduling conference. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 30) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 26) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 14) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Defendant shall, within 14 days of the date of entry of this Opinion and Order, file its answer to Plaintiff's First Amended Class Action Complaint (ECF No. 12).

Dated: August 24, 2022　　　　　　　　　　　　　 /s/ Jane M. Beckering　　　
　　　　　　　　　　　　　　　　　　　　　　　　JANE M. BECKERING
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge