# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

### CASE NO: 1:21-cv-00197-JMB-SJB

**BEVERLY ANDERSON**,
individually and on behalf of all
others similarly situated,                                      **CLASS ACTION**

    Plaintiff,                                                      **JURY TRIAL DEMANDED**

v.

**CATALINA STRUCTURED FUNDING, INC.,**

    Defendant.
_____/

### <u>JOINT STATUS REPORT</u>

A Rule 16 Scheduling Conference is scheduled for October 6, 2022, before Hon. Jane M. Beckering. Appearing for the parties as counsel will be:  Manuel S. Hiraldo, for Plaintiff Beverly Anderson ("Plaintiff"); and Harrison Brown, for Defendant Catalina Structured Funding, Inc. ("Catalina").

1.     <u>**Jurisdiction**</u>: The basis for the Court's jurisdiction is: federal question jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

2.     <u>**Jury or Non−Jury**</u>: This case is to be tried before a jury pursuant to Plaintiff's jury demand.

3.     <u>**Judicial Availability**</u>: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4.    **Statement of the Case**: This is a putative class action under the TCPA.  Plaintiff alleges that Defendant made two or more telephone solicitations to Plaintiff and failed to honor Plaintiff's request to be placed on Defendant's internal Do Not Call ("DNC") list.  Defendant denies any calls made constitute telephone solicitations within the meaning of the statute.

5.    **Prospects of Settlement**: The parties have engaged in preliminary discussions which includes the exchange of informal discovery and preliminary offer terms.

6.    **Pendent State Claims**: This case does not include pendent state claims.

7.    **Joinder of Parties and Amendment of Pleadings**: The parties do not anticipate any motions for joinder of parties to this action. Should good cause exist for an amendment, all such motions must be promptly made.

8.    **Disclosures and Exchanges**:

(a) FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:  **October 15, 2022**.

(b) Both parties expect to be able to furnish the names of their expert witness(es) by **March 6, 2023**. Both parties expect to be able to furnish the names of their rebuttal expert witness(es) by **April 6, 2023**.

(c) It would be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule: Initial reports by **March 6, 2023**; rebuttal reports by **April 6, 2023**.

(d) The parties have agreed to make available the following documents without the need of a formal request for production: The parties are unable to agree on voluntary production at this time.

9.      Discovery: The parties believe that all discovery proceedings can be completed by **April 20, 2023**. The parties recommend the following discovery plan:

"[S]et forth proposed plan of discovery, including subjects on which discovery may be needed….":   The parties anticipate discovery will include at least the following subjects:

(a) electronic data regarding the calls at issue;

(b) electronic data regarding prior express invitation or permission for telephone solicitations and/or the existence of an established business relationship;

(c) electronic data regarding any transmission and/or disposition reports for the calls at issue;

(d) Defendant's policies and procedures concerning TCPA compliance;

(e) complaints relating to Defendant's calls;

(f) email and other communications related to Plaintiff's allegations of this case;

(g) evidence, or lack thereof, of any property, good, or service offered by Defendant during the calls, including but not limited to fact and expert discovery about Defendant's business and the nature of transfers made pursuant to state Structured Settlement Protection Acts;

(h) Plaintiff's ownership or control of her phone number;

(i) Plaintiff's suitability to act as class representative and standing; and

(j) Plaintiff's counsel's credentials to represent the proposed class.

The foregoing subjects are provided without waiver of objection by either party. The parties agree that they may seek additional discovery beyond the scope set forth above if such discovery meets the standard established in FRCP 26(b)(1).

"[S]et forth proposed plan of discovery, including … whether discovery should be conducted in phases or be limited to or focused on certain issues.": The parties do not presently seek to phase discovery or limit discovery to certain issues.

"[S]et forth any recommendations as to limitations on discovery. Limitations may include the number of depositions, interrogatories, and requests for admissions, or limitations on the scope of discovery pending resolution of dispositive motions or alternative dispute resolution proceedings. State whether the presumptive limits for interrogatories; (Rule 33(a) (25 single part questions)) and depositions (Rule 30(a)(2)(A) (10 depositions per side); Rule 30(d)(1) (one day of seven hours per witness)) should be modified in this case.": No limits to discovery procedures other than the existing limits contemplated by the Federal Rules of Civil Procedure.

10.     Disclosure or Discovery of Electronically Stored Information: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

Cooperation. The parties and their counsel shall conduct discovery in a manner consistent with the FRCP 1 mandate to seek the just, speedy, and inexpensive determination of litigation. Counsel must balance their obligation to zealously represent their clients with the collective obligation to conduct discovery in a cooperative and efficient manner. Counsel shall be mindful of the certifications being made via their signatures on discovery documents and filings under FRCP 26(g)(1)(B).

Proportionality. Consistent with FRCP 26(b)(1), FRCP 26(g)(1)(B)(ii), and FRCP 26(g)(1)(B)(iii), counsel shall consider the costs and benefits of any discovery requested before issuing the request. Discovery requests should be clear and tailored as specifically as possible with respect to substance, date ranges, file types, and custodians. Should a requesting party object to a discovery request as disproportionate, the parties shall work together to resolve any imbalance between the cost and benefit of the subject discovery before bringing the issue to the Court for resolution.

Because the discovery ultimately requested must be proportional, the same principle applies to the preservation of documents and electronically stored information (ESI). The scope of preservation established in this Order is intended to strike the proper balance with respect to cost and benefit. Should the scope of preservation established in this Order later appear either overinclusive or underinclusive, the party may seek relief from the Court.

Producing ESI. The parties will follow FRCP 34(b)(C), (D), and (E).

Organizing ESI. The parties do not need to either disclose the manner in which they keep the ESI in the usual course of business (e.g., provide original file path metadata) if burdensome or impracticable do not need to identify the specific request(s) to which ESI is responsive.

Confidentiality. The parties will discuss and agree to a stipulated protective order which governs the confidentiality of documents prior to production of documents. The parties will submit the proposed protective order to the Court for approval.

Disputes. Should a dispute arise as to the discoverability of any ESI, the parties shall promptly take reasonable steps to preserve the subject ESI until they (or the Court) resolve the dispute. A party may obtain relief from any portion of section through the written consent of

all other parties to this litigation or through a subsequent Court order. A party may not seek relief from the Court unless the party has conferred in good faith with the opposing party.

11. **Assertion of Claims of Privilege or Work−Product Immunity After Production**:

Protection Against Waiver. This parties retain all protections afforded by Federal Rule of Evidence 502(d). A party does not waive either attorney-client privilege or work product protection by disclosing a document in this litigation, regardless of the care the producing party took to avoid the document's disclosure. This nonwaiver provision applies to this litigation and all other federal and state proceedings. This provision applies equally to ESI and hard-copy documents.

Obligation Upon Receipt of Privileged or Protected Documents. If a party identifies documents (including ESI) produced by another party that it reasonably expects to be subject to attorney-client privilege or work product protection, the party in receipt of the documents must promptly identify the producing party of the same. If the producing party opts to assert attorney-client privilege or work product protection and claw the document back, it may do so by initiating the process outlined in FRCP 26(b)(5)(B).

12. **Motions**:  The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or *pro se* parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

Plaintiff: (1) Motion for Class Certification; (2) Motion for Summary Judgment.

<u>Defendant</u>: (1) Motion for Summary Judgment.

Plaintiff proposes the following briefing schedule on Plaintiff's Motion for Class Certification:

| | |
|---|---|
| Plaintiff's Motion due: | April 15, 2023 |
| Defendant's Opposition: | May 15, 2023 |
| Plaintiff's Reply: | May 31, 2023 |

Defendant proposes the following briefing schedule on Plaintiff's Motion for Class Certification:

| | |
|---|---|
| Plaintiff's Motion due: | February 6, 2023 |
| Defendant's Opposition: | March 6, 2023 |
| Plaintiff's Reply: | March 20, 2023 |

Plaintiff proposes filing all dispositive motions by June 15, 2023.

Defendant proposes filing all dispositive motions by April 27, 2023.

13.    **Alternative Dispute Resolution**: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution. Indicate what discovery, if any, is needed prior to conducting alternative dispute resolution in order to make alternative dispute resolution most effective. Indicate a preferred time frame for conducting alternative dispute resolution.

The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:  Voluntary facilitative mediation (W.D. Mich. LCivR 16.3).

14.    **Length of Trial**: Counsel estimate the trial will last approximately 5 days total, allocated as follows: 2.5 days for plaintiff's case, 2.5 days for defendant's case. This estimate does not include voir dire, opening statements, or closing statements.

15.    **Electronic Document Filing System**: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's

CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

16.    **Other**: "Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case."

DATED:  September 29, 2022          Respectfully submitted,

BLANK ROME LLP

By: /s/ Harrison Brown
　　　Ana Tagvoryan
　　　Ana.tagvoryan@blankrome.com
　　　Harrison Brown
　　　harrison.brown@blankrome.com
　　　2029 Century Park East, 6th Floor
　　　Los Angeles, CA 90067
　　　Tel.:  424.239.3400
　　　Fax:  424.239.3434
Attorneys for Defendant
CATALINA STRUCTURED FUNDING, INC.

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*